**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael J. Scimone
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz
Paolo Meireles
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARITZA GASTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>VALLEY NATIONAL BANCORP and VALLEY NATIONAL BANK,<br><br>Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Maritza Gaston ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Outten & Golden LLP and Shavitz Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and her similarly situated co-workers who worked as Bank Service Managers ("BSMs") for Valley National Bancorp and Valley National Bank ("Valley National" or "Defendants") in the United States.

2. Valley National has over $21 billion in assets and operates approximately 209 bank branches in New York, New Jersey and Florida.

3. Valley National "is one of the largest commercial banks headquartered in New Jersey and is committed to providing the most convenient service . . . and an experienced and

knowledgeable staff with a high priority on friendly customer service 24 hours a day, 7 days a week." Valley National Bank Company Information, https://www.valleynationalbank.com/About/Company.aspx (last visited March 28, 2017).

4. Most Valley National bank branches also are open six or even seven days per week.

5. While its business model provides "friendly customer service" and convenience to Valley National's customers, it is executed at the expense of its employees, who must work long hours to staff Valley National's bank branches throughout these extended hours.

6. Valley National strictly limits the number of employees who work in each branch. In addition, Valley National strictly limits the amount of overtime that hourly employees, such as tellers and customer service representatives, are allowed to work.

7. In order to serve its customers and maintain its lean staffing model, Valley National utilizes BSMs as "floaters," who spend the vast majority of their time performing the same duties as non-exempt hourly tellers and customer service representatives.

8. Specifically, the primary duty of the BSM position includes working on the teller line or on the sales floor, performing customer service tasks, doing rote operations work such as conducting routine audits and reporting, and performing other non-exempt duties.

9. Although Valley National classifies BSMs as exempt from overtime, it requires BSMs to perform this non-exempt work in order to keep branches fully staffed.

10. Throughout the relevant period, it has been Valley National's nationwide policy to uniformly classify BSMs as exempt from federal and state overtime provisions and not to pay BSMs any overtime wages.

11. Valley National regularly requires BSMs to work in excess of 40 hours per week.

12. The primary duties of the BSM position do not vary significantly from one Valley National bank branch to another throughout the United States.

13. The BSM position does not fall under any exemptions under federal or state overtime laws.

14. By the conduct described in this Class and Collective Action Complaint, Valley National has violated the Fair Labor Standards Act ("FLSA"), as well as various state labor laws, by failing to pay BSMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

15. Plaintiff brings this action on behalf of herself and similarly situated current and former Valley National BSMs who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Valley National's violations of the wage and hour provisions of the FLSA that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

16. Plaintiff also brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all similarly situated current and former Valley National BSMs who worked in New York to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

*Plaintiff Maritza Gaston*

17. Plaintiff Maritza Gaston is an adult individual who is a resident of Jackson Heights, New York.

18. Plaintiff was employed by Valley National from approximately January 2008 to November 2014. Throughout this period, Plaintiff worked as a BSM in two Valley National bank branches, each located in Queens, New York.

19. During her employment as a Valley National BSM, Plaintiff regularly worked over 40 hours in a work week, including the work week of April 13, 2014, when she worked approximately 47 to 50 hours. Plaintiff was not paid overtime during this week.

20. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

21. A written consent form for Plaintiff is attached hereto as Exhibit A.

***Defendants Valley National Bancorp and Valley National Bank***

22. Valley National Bancorp is a regional bank holding company headquartered in Wayne, New Jersey.

23. Valley National Bank is Valley National Bancorp's principal subsidiary, and operates branch locations throughout New York, New Jersey and Florida.

24. Throughout the relevant period, each Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL. Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions and the unlawful policies and practices alleged herein.

25. Each Defendant is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

26. At all times relevant, each Defendant maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

27. Each Defendant applies the same employment policies, practices, and procedures to all BSMs.

28. At all times relevant, each Defendant's annual gross volume of sales made or business done was not less than $500,000.

29. Valley National Bank is the entity listed on Plaintiff's paystubs and W-2s.

## JURISDICTION AND VENUE

30. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

31. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

32. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

33. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

34. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Valley National as BSMs at any bank branch location in the United States, on or after September 26, 2013, who elect to opt in to this action (the "FLSA Collective").[1]

35. All of the work that Plaintiff and the FLSA Collective have performed has been

---

[1] On or about September 26, 2016, Plaintiff and Defendants entered into a tolling agreement to toll the statute of limitations on any claim under the FLSA and analogous state laws for Plaintiff and those BSMs or employees in similar job positions with different titles who worked for Defendants in the United States, effective as of September 26, 2016.

assigned by Valley National, and/or Valley National has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

36. As part of its regular business practice, Valley National has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Valley National.

37. Valley National is aware or should have been aware that federal law required them to pay employees performing primarily non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

38. Plaintiff and the FLSA Collective all perform or performed the same primary duty.

39. Valley National's unlawful conduct has been widespread, repeated, and consistent.

**CLASS ACTION ALLEGATIONS**

40. Plaintiff brings the Second and Third Causes of Action, the NYLL claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all BSMs who work or have worked at any branch location in New York State between September 26, 2010 and the date of final judgment in this matter (the "New York Class").

41. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Valley National; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

42. The members of the New York Class are so numerous that joinder of all members is impracticable.

43. Upon information and belief, the size of the New York Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Valley National.

44. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. whether Valley National violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    b. whether Valley National failed to compensate Plaintiff and the New York Class for hours worked in excess of 40 hours per workweek;

    c. whether Valley National misclassified Plaintiff and members of the New York Class;

    d. whether Valley National failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the New York Class, and other records required by the NYLL;

    e. whether Valley National's policy of failing to pay workers was instituted willfully or with reckless disregard for the law; and

    f. the nature and extent of class-wide injury and the measure of damages for those injuries.

45. The claims of the Plaintiff are typical of the claims of the New York Class she seeks to represent. The Plaintiff and all members of the New York Class work, or have worked,

for Valley National as BSMs in New York state. The Plaintiff and members of the New York Class enjoy the same statutory rights under the NYLL to be paid overtime wages. The Plaintiff and members of the New York Class have all sustained similar types of damages as a result of Valley National's failure to comply with the NYLL. The Plaintiff and the members of the New York Class have all been injured in that they have been uncompensated or under-compensated due to Valley National's common policies, practices, and patterns of conduct.

46. The Plaintiff will fairly and adequately represent and protect the interests of the members of the New York Class. The Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. The Plaintiff recognizes that as a class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the interests of the class. The Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. The Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. The Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the New York Class members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the New York Class have been damaged and are entitled to recovery as a result of Valley National's violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared

to the expense and burden of individual prosecution of this litigation. The individual plaintiffs lack the financial resources to conduct a thorough examination of Valley National's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Valley National to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Valley National's practices.

48. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

49. Throughout their employment with Valley National, Plaintiff and the members of the FLSA Collective and the New York Class (collectively "Class Members") consistently worked more than 40 hours per week.

50. Valley National was aware that Plaintiff and the Class Members worked more than 40 hours per workweek, yet Valley National failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

51. Valley National did not keep accurate records of hours worked by Plaintiff and Class Members. That is, Plaintiff's and Class Members' hours are not recorded on pay stubs, and Plaintiff and Class Members were never required to clock in or out, or otherwise record their time.

52. Plaintiff's and the Class Members' primary duty was not management.

53. Plaintiff's and the Class Members' primary duties included non-exempt tasks such as selling bank products and services, doing operations work, and conducting routine audits and reporting. Plaintiff and Class Members spent the vast majority of their time performing these non-

9

exempt duties. These are the same duties performed by the hourly-paid tellers and customer service representatives, who are classified by Valley National as non-exempt.

54. Plaintiff and the Class Members were required to meet individual sales revenue goals that determined whether they were eligible to receive incentive compensation. Valley National evaluated Plaintiff's and the Class Members' job performance, in part, against these individual sales revenue goals.

55. Plaintiff and the Class Members were closely supervised by their store (branch) managers and their regional managers. Store managers were responsible for the overall performance of the branches and for coaching and developing bank employees.

56. Plaintiff and the Class Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by Valley National. Plaintiff and the Class Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

57. Plaintiff and the Class Members did not have authority (a) to create or implement management policies, practices, and procedures for Valley National; (b) to commit Valley National in matters having significant financial impact; (c) to set employees' wages; (d) to determine how many labor hours could be allocated to their branch; or (e) to hire, fire, or promote employees.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Valley National has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

60. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

61. At all relevant times, Plaintiff and FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Valley National.

63. Valley Bank is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. At all times relevant, Plaintiff and FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

65. Valley National has failed to pay Plaintiff and FLSA Collective members the overtime wages to which they were entitled under the FLSA.

66. Valley National's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Valley National has failed to make a good-faith effort to comply with the FLSA with respect to its compensation of Plaintiff and FLSA Collective members.

67. Because Valley National's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

68. As a result of Valley National's willful violations of the FLSA, Plaintiff and FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

69. As a result of Valley National's unlawful acts, Plaintiff and FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the New York Class)**

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Valley National engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

72. At all times relevant, Plaintiff and New York Class members have been employees and Valley National has been their employer within the meaning of the NYLL.

73. Plaintiff and the New York Class members are covered by the NYLL.

74. Valley National has failed to pay Plaintiff and New York Class members overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

75. Valley National failed to pay Plaintiff and New York Class members overtime at a wage rate of one and one-half times their regular rate of pay.

76. Valley National failed to keep, make, preserve, maintain, and furnish accurate

records of time worked by Plaintiff and New York Class members.

77. Valley National's violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

78. Due to Valley National's violations of the NYLL, Plaintiff and New York Class members are entitled to recover from Valley National unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law: Wage Statements**
**(Brought on behalf of Plaintiff and the New York Class)**

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. Valley National has willfully failed to supply Plaintiff and the New York Class members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing their regular rate or rates of pay and the basis thereof, overtime rate or rates of pay, and their total number of hours worked, including overtime hours.

81. Valley National's unlawful conduct, as described in this Class and Collective Action Complaint, has been willful. Valley National was aware or should have been aware that the practices described in this Class and Collective Action Complaint were unlawful.

82. Due to Valley National's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the New York Class members are entitled to statutory penalties of one hundred dollars for each workweek that Valley National failed to provide each of them with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiff as Class Representative of the New York Class, and counsel of record as Class Counsel;

E. Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the state law claims;

F. Reasonable incentive awards for Plaintiff to compensate her for the time and effort she has spent and will spend protecting the interests of other BSMs, and for the risks she took in doing so;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under appropriate state law;

H. Pre-judgment interest and post-judgment interest as provided by law;

I. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Valley National from continuing its unlawful practices;

J. Attorneys' fees and costs of the action;

K. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
April 3, 2017

Respectfully submitted,

*/s/ Justin M. Swartz*
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael J. Scimone
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz *
Paolo Meireles
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888

*Attorneys for Plaintiffs and the Putative Class and Collective*

**\***pro hac vice application forthcoming