**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARITZA GASTON and GEORGE GALLART, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>VALLEY NATIONAL BANCORP and VALLEY NATIONAL BANK<br><br>    Defendants. | Civil Action No.: 17-cv-1886 |

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE GOLD'S DECISION AND ORDER DATED DECEMBER 6, 2017

FOX ROTHSCHILD LLP
James M. Lemonedes, Esq.
Glenn S. Grindlinger, Esq.
Keith A. Reinfeld, Esq.
101 Park Avenue, 17th Floor
New York, NY 10017
Tel:  (212) 878-7900
Fax:  (212) 692-0940

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 3

    THE CONDITIONAL CERTIFICATION DECISION IS CONTRARY TO LAW AND CLEARLY ERRONEOUS ............................................................................... 3

        A.     The Conditional Certification Decision Failed to Apply the "Modest-Plus" Standard Despite the Fact that the Parties Conducted Substantial Discovery ..................................................... 3

        B.     Magistrate Judge Gold Erroneously Shifted the Burden to VNB ... 6

        C.     Magistrate Judge Gold Erroneously Found that Plaintiffs Demonstrated that They Were "Victims of a Common Policy or Plan that Violated the Law" ............................................................. 7

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ahmed v. T.J. Maxx Corp.*,
    103 F. Supp. 3d 343 (E.D.N.Y. 2015) ................................................................................6

*Bai v Fu Xing Zhuo*,
    2014 WL 5475395 (E.D.N.Y Oct. 29, 2014) ......................................................................4

*Brown v. Barnes & Noble, Inc.*,
    252 F. Supp. 2d 255 (S.D.N.Y. 2017) .................................................................................8

*Doucoure v. Matlyn Food, Inc.*,
    554 F. Supp. 2d 369 (E.D.N.Y. 2008) ................................................................................6

*Korenblum v. Citigroup, Inc.*,
    195 F. Supp. 3d 475 (S.D.N.Y. 2016) .........................................................................3, 4, 5

*Myers v. Hertz Corp*,
    624 F.3d 537 (2d Cir. 2010) ...............................................................................................7

*Romero v. H.B. Auto. Grp., Inc.*,
    2012 WL 1514810 (S.D.N.Y. May 1, 2012) ....................................................................10

*Scott v. SSP America, Inc.*,
    No. 09-CV-4399 (RRM) (VVP), 2011 WL 1204406 (E.D.N.Y. Mar. 29, 2011) ...............9

*Vasquez v. Vitamin Shoppe Indus. Inc.*,
    2011 WL 2693712 (S.D.N.Y. Jul. 11, 2011) ......................................................................7

**Statutes**

29 U.S.C. § 216(b) ...................................................................................................................1, 4

**Other Authorities**

29 C.F.R. § 541.700(a) ..................................................................................................................9

Federal Rules of Civil Procedure Rule 30(b)(6) ...........................................................................4

Federal Rules of Civil Procedure Rule 72(a) ..........................................................................3, 11

**PRELIMINARY STATEMENT**

Defendants Valley National Bancorp and Valley National Bank (collectively "VNB" or "Defendants") submit this reply memorandum of law in further support of their objections to the December 6, 2017 Decision and Order of the Hon. Steven M. Gold, U.S.M.J. ("Conditional Certification Decision"), which granted the Plaintiffs' Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b) for all individuals nationwide who have worked as VNB Branch Service Managers ("BSMs").

In its principal brief, VNB conclusively demonstrates that the Conditional Certification Decision was clearly erroneous and contrary to law; as such, Defendants' objections should be upheld and the Conditional Certification Decision set aside. Plaintiff's Memorandum of Law in Opposition to Defendant's Objections to Magistrate Gold's Decision And Order Dated December 6, 2017 ("Plaintiffs' Opposition") does nothing to defeat the arguments and rationale set forth in VNB's moving papers.

As discussed in Defendants' moving papers, the Conditional Certification Decision is clearly erroneous and contrary to law for three reasons. First, the Decision failed to apply the "modest plus" standard, or any standard at all, in determining whether conditional certification was warranted. Contrary to the assertions in Plaintiffs' Opposition, Magistrate Gold stated on the record that he was applying the "more lenient standard." Tr. 26:1-4. It is therefore inconceivable and disingenuous that Plaintiffs argue otherwise. But, Magistrate Gold did not stop there. He went further, and a review of the record shows that he did not apply **any** standard at all, simply taking Plaintiffs' conclusory assertions without reviewing the evidence before him. This is demonstrated by the fact that Magistrate Gold contends that he must grant conditional certification under 29 U.S.C. § 216(b) even though "we do not know about these other bank service managers." Tr. 26:1-4. Indeed, if, as Magistrate Gold states, he does not know about the other BSMs, then he

1

**cannot** conclude that they are similarly-situated to Plaintiffs. Therefore, Magistrate Gold did not use any standard in granting conditional certification to Plaintiffs. Accordingly, his decision was clearly erroneous and contrary to law.

Second, the Conditional Certification Decision improperly shifts the burden from Plaintiffs to VNB to *disprove* that its BSMs are *not* similarly-situated. The parties engaged in conditional certification discovery. Plaintiffs were given every opportunity to obtain documents and information as well as to take a 30(b)(6) deposition relevant to their motion seeking conditional certification. Yet, inexplicitly, the Magistrate required VNB to prove that BSMs in Florida were different then Plaintiffs. *See* Tr. 34:23-35. It is not Defendants' burden to prove that Plaintiffs are different from other BSMs; instead, it *is Plaintiffs' burden* to prove that they were similarly-situated to other BSMs. By improperly placing the burden on VNB rather than Plaintiffs, the Conditional Certification Decision was clearly erroneous and contrary to law.

Third, the Conditional Certification Decision fails to address the requirement that Plaintiffs demonstrate the existence of a common policy or plan that allegedly violated the law. Indeed, Plaintiffs' argument is simply that they worked a lot, VNB classified all BSMs as exempt, and therefore conditional certification should be granted. The Conditional Certification Decision accepted this contention without even inquiring what was the common policy or plan that violated the law. This was clear error and is not the law. If all Plaintiffs had to do was simply claim that they worked a lot and were classified as exempt, then every employer would be subject to a collective action with respect to any group of employees classified as exempt. Instead, Plaintiffs had to show a common policy or plan that violated the law; they did not do so. Further, to the extent they contend that Plaintiffs spent a vast majority of their time performing non-exempt duties, such an assertion, even if true, is not sufficient. Time spent performing exempt and non-

2

exempt duties is *not* a determining factor in evaluating whether someone is properly classified as exempt.  Nor is it a violation of the law.  Indeed, the key inquiry, an inquiry ignored by the Magistrate, is **why employees are spending a majority portion of their time performing non-exempt duties**.  The testimony of Plaintiffs and Opt-In Plaintiff Longo give three separate reasons: (i) Plaintiff Gaston concedes that the job description accurately details her job duties and responsibilities; (ii) Plaintiff Gallart claims he did not have enough assistance at his branch and was overwhelmed therefore had to spend a lot of time performing non-exempt duties; (iii) Opt-In Plaintiff Longo claims that she was *not* the manager at the branch and did not perform the duties of BSM.  These disparate reasons demonstrate that Plaintiffs and Opt-In Plaintiff Longo are *not* similarly-situated to each other, much less other BSMs.  As such, the Conditional Certification Decision was erroneous and contrary to law.

Accordingly, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, VNB's objections to the Conditional Certification Decision should be upheld and the Decision set aside.

## LEGAL ARGUMENT

### THE CONDITIONAL CERTIFICATION DECISION IS CONTRARY TO LAW AND CLEARLY ERRONEOUS

**A.    The Conditional Certification Decision Failed to Apply the "Modest-Plus" Standard Despite the Fact that the Parties Conducted Substantial Discovery**

The parties engaged in substantial pre-certification discovery, a fact that Plaintiffs do not dispute.  As such, Magistrate Gold should have applied the "modest plus" standard, set forth in *Korenblum v. Citigroup, Inc.,* 195 F. Supp. 3d 475 (S.D.N.Y. 2016), in determining whether Plaintiffs are similarly-situated to putative collective action members.  He did not do so and this was erroneous and contrary to law.

When the parties have engaged in meaningful discovery on the issues bearing on conditional certification, courts apply the more exacting "modest plus standard," which "look[s]

3

beyond the pleadings and affidavits submitted by Plaintiffs" and considers evidence submitted by both parties and obtained during discovery. *See id.* at 481. The "modest plus" standard is appropriate where discovery has been conducted on issues relating to conditional certification. *See id.* at 482 (denying motion for conditional certification using "modest plus standard," because three months of discovery had been conducted specifically on issues regarding conditional certification.).

Plaintiffs do not contest that the parties engaged in extensive pre-certification discovery. Instead, they attempt to minimize the discovery conducted by asserting that the initial discovery order allegedly precluded Plaintiffs from obtaining information about specific BSMs. Plaintiffs' Opposition p. 3, fn 1. This is a red-herring. The discovery order states that the parties will conduct discovery "that is focused on plaintiff's [*sic*] anticipated motion for Section 216(b) certification. . . . . [T]he parties anticipate discovery through the production of documents and a Rule 30(b)(6) deposition[.]" Docket No. 24. Thus, the Order directs the parties to engage in discovery concerning the Section 216(b) certification issue. The parties engaged in such discovery. Accordingly, the Court should have applied the modest-plus standard.

Plaintiffs brazenly contend that the Conditional Certification Decision was not contrary to law for two reasons. First, they argue that there is no controlling authority requiring a court to adopt such a standard. This argument is specious. While the Second Circuit may not have addressed this issue specifically, District Courts within the Second Circuit apply the heightened standard when there has been discovery on the issue of Section 216(b) certification. *See, e.g., Korenblum,* 195 F. Supp. 3d at 481; *Bai v Fu Xing Zhuo*, 2014 WL 5475395 (E.D.N.Y Oct. 29, 2014)("While a plaintiff need make only a minimal showing when he seeks to proceed under

4

Section 216(b) before taking discovery, a higher standard is imposed after discovery has been conducted."). A more lenient standard would make a mockery of pre-certification discovery.

Moreover, the question of whether Magistrate Gold was required to apply the "modest plus" standard is a moot point. Magistrate Gold accepted the proposition in *Korenblum* that the Courts should use a "sliding scale" in determining the burden for a motion for conditional certification. *See* Tr. 22:8-23 ("I'll accept that proposition that *Korenblum* suggests that we make decisions about the burden based upon the scope of the discovery that's had"). Yet, erroneously, he failed to do so.

Second, Plaintiffs argue that Magistrate Gold "faithfully" applied the "modest plus" standard set forth in *Korenblum*. Plaintiffs' Opposition pp. 3-5. This assertion is frivolous. Magistrate Gold specifically stated that although he recognized that the modest-plus standard should apply, *see id*, he failed to apply it. This is evident because Magistrate Gold specifically stated, "I have to apply the more lenient standard to the plaintiffs' showing because we don't know about these other branch service managers." Tr. 26:1-4. Accordingly, there can be no dispute that Magistrate Gold did *not* apply the "modest plus" standard in determining whether plaintiffs presented any factual evidence to establish that they are similarly-situated to other BSMs. Accordingly, Magistrate Gold's decision not to apply the modest-plus standard was clearly erroneous and contrary to law.

Moreover, Magistrate Gold compounded his error by not even applying the lenient standard he referenced. Instead, he did *not apply any standard at all*. Magistrate Gold's rationale for applying the lenient standard was that "we don't know about these other branch service managers. *See id*. If there was no evidence about the other BSMs, then Magistrate Gold had no facts or evidence to conclude that they are similarly-situated to Plaintiffs under Section 216(b). Indeed,

5

such a statement by Magistrate Gold demonstrates that he was not applying any standard when he issued his Conditional Certification Decision. He admits that he has no information about the other BSMs and thus could not reasonably conclude that such individuals are similarly-situated to Plaintiffs. By not applying any standard, much less the lenient or modest-plus standard, the Conditional Certification Decision was erroneous and contrary to law. Therefore, Defendants objections should be upheld and the Decision set aside.

### B. Magistrate Judge Gold Erroneously Shifted the Burden to VNB

In issuing the Conditional Certification Decision, Magistrate Gold erroneously shifted the burden to VNB. This was contrary to law and error.

On two separate occasions, Magistrate Gold, improperly shifted the burden to VNB. First, he required VNB to defeat conditional certification by showing that Plaintiffs' "contentions are false". Tr. 30:21-25; *see also* 28:3-8.[1] It is well-established that the Plaintiffs bear the burden of identifying evidence to warrant conditional certification. *See Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008). By requiring VNB to make such a showing, Magistrate Gold issued an erroneous decision that was contrary to law.

Second, Magistrate Gold required VNB to disprove that Plaintiffs and BSMs in Florida were not similarly-situated instead of requiring Plaintiffs to prove that they are. *See* Tr. 34:19-35:2. Once again, Magistrate Gold incorrectly shifted the burden to VNB to establish that conditional certification should not be granted. This was also erroneous and contrary to law. *See Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 353 (E.D.N.Y. 2015) (holding that it "simply

---

[1] The Magistrate explained: "I don't see anywhere where they say Mr. Lemonedes, you're right. I spend 95 percent of my time doing these exempt tasks but every once in a while, if somebody calls in sick, I have to watch the teller desk for an hour until a sub comes in. That's not what they testified to." Tr. 28:3-8. Thus, suggesting the only way a Defendant can defeat a motion seeking conditional certification when a Plaintiff asserts that he/she spends a majority of his/her time performing non-managerial duties is by establishing that such testimony is perjurious. An inappropriate and untenable burden.

cannot presume the existence of a de facto illegal policy…based on allegations from three assistant store managers working in merely a handful of stores in the tri-state area and in Arkansas"); *Vasquez v. Vitamin Shoppe Indus. Inc.*, 2011 WL 2693712, * 3 (S.D.N.Y. Jul. 11, 2011) (holding a "geographically concentrated cluster of SMs who he claims were assigned duties inconsistent with their exempt classification…is too thin a reed on which to rest a nationwide certification).

In Opposition, Plaintiffs fail to argue that Magistrate Gold improperly shifted the burden to VNB. Instead, they contend that VNB could have presented evidence showing that BSMs in Florida were not similarly-situated to Plaintiffs. But, this entirely misses the point as it requires VNB to put forth evidence to disprove Plaintiffs' assertions that they are similarly-situated to other BSMs. Under applicable law, VNB does not have to put forth any evidence to provide that Plaintiffs are not similarly-situated to other BSMs. Rather, Plaintiffs have to put forth the evidence. They failed to do so, despite the fact that the discovery order provided them with the opportunity to take such discovery, including a Rule 30(b)(6) deposition, which they did not pursue. Plaintiffs' failure is evidenced by Magistrate Gold's statement that "we don't know about these other branch service managers." Tr. 26:1-4

By shifting the burden from Plaintiffs to VNB, the Conditional Certification Decision was erroneous and contrary to law.

C. **Magistrate Judge Gold Erroneously Found that Plaintiffs Demonstrated that They Were "Victims of a Common Policy or Plan that Violated the Law"**

Conditional certification requires a "factual showing that [Plaintiffs] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp*, 624 F.3d 537, 555 (2d Cir. 2010). Plaintiffs have not identified a "common policy or plan that violated the law." As a result, Magistrate Gold was *required* to deny Plaintiffs' Motion. However, Magistrate Gold ignored the fact that Plaintiffs failed to identify a "common policy or

7

plan that violated the law" and improperly *presumed* that Plaintiffs and other BSMs are similarly situated *because* three Plaintiffs asserted that they spent a significant portion of their time performing non-exempt work while at the same time admitting that "we don't know about these other branch service managers." See Tr. 28:20-23. This was erroneous and contrary to law.

Initially, Plaintiffs contended that conditional certification should be granted because VNB classified all of its BSMs as exempt and that it used a uniform job description for BSMs. *See* Tr. 3:9-18. However, even if true, this is insufficient to satisfy Plaintiffs' burden for conditional certification. *See Brown v. Barnes & Noble, Inc.*, 252 F. Supp. 2d 255, 262 (S.D.N.Y. 2017)("Defendant's classification of [a specific position] as exempt standing alone, is insufficient to satisfy the low threshold for conditional certification.").

In Opposition, Plaintiffs now argue (tracking the Conditional Certification Decision) that they allegedly spent most of their time performing non-exempt work and that this constitutes a "common policy or plan that violated the law." This argument is legally incorrect. A plaintiff must be able to identify a policy, procedure, or work rule and explain how such policy relates to their claim that a violation has occurred. *See id.* at 264-65 (denying conditional certification where plaintiffs identified "uniform policies and procedures" but failed to explain how such policies relate to their claim that they performed primarily non-exempt duties in contradiction of the job description). Here, Plaintiffs are relying on conclusory allegations that they performed primarily non-exempt work but there is no evidence in the record that any of Defendants' policies *required* Plaintiffs to do so. As such, Plaintiffs failed to show that were victims of a "common policy or plan that violated the law." *See id* at 265 (holding that plaintiffs failed to identify a "common policy or plan that violated the law" based on the "sparse evidentiary record before it, that

8

Defendant's operational policies directed CMs [café managers] nationwide to perform principally non-exempt work").

Moreover, even if Plaintiffs did spend a majority of their time performing non-exempt work, such a fact does not indicate that Plaintiffs were misclassified. In determining whether an individual is exempt from overtime as an executive employee, the court must apply the "primary duty test," which is *not* based on the percentage of time an employee spends performing non-exempt work. 29 C.F.R. § 541.700(a). Rather, to determine whether Plaintiffs' performance of these exempt activities constitutes their "primary duty," a court must consider "the character of an employee's job as a whole." *Id*.

The Conditional Certification Decision did not address any factor other than the amount of time Plaintiffs allegedly spent performing non-exempt duties, despite the fact that many courts have found individuals to be properly exempt from overtime even though they spent a majority of time performing non-exempt work. *See e.g.*, *Scott v. SSP America, Inc.*, No. 09-CV-4399 (RRM) (VVP), 2011 WL 1204406, at *7-*14 (E.D.N.Y. Mar. 29, 2011) (applying non-exhaustive primary duty factors to determine that plaintiffs primary duty was management, even though she performed non-managerial duties *90% of the time*).

Further, even if the amount of time spent performing non-exempt work was a significant factor – which it is not – the key to determining whether Plaintiffs are similarly-situated to other BSMs is **why they spend a majority of their time performing non-exempt work despite their job description indicating otherwise**. If there are different reasons for *why* the Plaintiffs spent a significant portion of their time performing non-exempt work, then the Plaintiffs cannot be similarly-situated, as inherently individualized issues would have to be litigated.

9

Here, the testimony of Plaintiffs and Opt-In Plaintiff Longo demonstrates why the Conditional Certification Decision should be set aside. Gaston admitted that the BSM job description accurately detailed her job duties and thus she clearly was properly classified as exempt.[2] *See* Docket No. 37, Gaston Tr. 68:22-70:7. Gallart claimed that he performed some functions in the BSM job description and not others. *See Id*., Docket No. 37, Gallart Tr. 107:13-131:8. Additionally, Gaston and Gallart testified that they reported to their District Operations Manager. *See Id.* Gaston Tr. 47:8-47:13, 49:22-49:24; Gallart Tr. 56:15-20, 91:8-91:24. Longo, on the other hand, claimed that she was supervised by her Sales Manager as well as her District Operations Manager and that the job description was not accurate. *See Id*., Longo Tr. 77:24-78:5, 79:5-79:11. In short, Gaston, Gallart, and Longo's deposition testimony demonstrates the Plaintiffs cannot identify a "common policy or plan" as each plaintiff had different job duties when they were BSMs. In fact, their testimony shows that Gaston, Gallart, and Longo are *not* similarly-situated to one another, much less to other BSMs.

Magistrate Gold's refusal to take into account these different experiences and his myopic focus on the amount of time each individual allegedly spent on non-exempt duties was contrary to law and erroneous. *See Romero v. H.B. Auto. Grp., Inc.*, 2012 WL 1514810, *11 (S.D.N.Y. May 1, 2012) (denying motion for conditional certification because among other things the job duties of plaintiff and putative collective members differed). Accordingly, VNB's objections should be upheld and the Conditional Certification Decision should be set aside.

---

[2] At no time have Plaintiffs ever claimed that if an individual actually performed the job duties set forth in the BSM job description that individual would be misclassified as exempt from overtime. In fact, Plaintiffs have implicitly conceded that as drafted the BSM job description details a position that is exempt from overtime.

10

ACTIVE\53638957.v1

## **CONCLUSION**

For the reasons set forth in VNB's moving papers and above, pursuant to Federal Rule of Civil Procedure 72(a), the Court should set aside the Conditional Certification Decision and deny in its entirety Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice.

| | | |
|---|---|---|
| Dated: | New York, New York<br>February 16, 2018 | FOX ROTHSCHILD LLP |
| | | By:   /s/ James M. Lemonedes<br>James M. Lemonedes, Esq.<br>Glenn S. Grindlinger, Esq.<br>Keith A. Reinfeld, Esq.<br>101 Park Avenue<br>New York, New York 10017<br>(212) 878-7900<br>*Attorneys for Defendants* |