**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Michael J. Scimone
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Sally J. Abrahamson
601 Massachusetts Avenue NW
2nd Floor West Suite
Washington, DC 20001
Telephone: (202) 847-4400

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Paolo Meireles (admitted *pro hac vice*)
951 Yamato Rd, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARITZA GASTON and GEORGE GALLART, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>VALLEY NATIONAL BANCORP and VALLEY NATIONAL BANK,<br><br>Defendants. | Case No. 1:17-cv-01886-FB-SMG |

### STIPULATION AND PROPOSED ORDER TO CONTINUE
### STAY OF ACTION AND TOLL OF STATUTE OF LIMITATIONS

This Stipulation and Proposed Order is made by and between Plaintiffs Maritza Gaston and George Gallart (collectively, "Plaintiffs") and Defendants Valley National Bancorp and Valley National Bank ("VNB") (collectively, "Defendants").

WHEREAS Plaintiffs have brought an action in the United States District Court for the Eastern District of New York, entitled *Maritza Gaston and George Gallart, on behalf of themselves and all others similarly situated v. Valley National Bancorp and Valley National Bank,* No. 17 Civ. 1886, alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, New York Labor Law, Article 6, §§ 190, *et seq.* and Article 9, §§ 650, *et seq.,* and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*; and

WHEREAS the parties have agreed to mediate this action; and

WHEREAS this Court entered the parties' prior stipulations (ECF Nos. 43, 45, 50, 51) staying this matter and tolling the relevant statutes of limitations through July 31, 2018; and

WHEREAS the parties attended mediation with mediator Martin F. Scheinman on June 5, 2018, and while progress was made, the parties were unable to resolve this matter; and

WHEREAS the parties have agreed to attend a second mediation with mediator Scheinman, and are in the process of coordinating and preparing for said mediation to take place in September 2018 to continue discussions aimed at a possible resolution of the class and collective claims at issue in this matter; and

WHEREAS the parties agree that the continued stay of this matter and tolling of the relevant putative FLSA Collective Action statute of limitations will act to preserve both the Court's and the parties' resources, and will permit the parties to focus their efforts on attempting to resolve this matter while avoiding additional litigation and the costs and fees associated therewith;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties herein, and it is hereby ORDERED by the Court, that the stay and tolling agreement referenced in the Court's December 14, 2017 Order Granting the Motion to Stay (ECF No. 42), as extended by the parties' subsequent stipulations (ECF Nos. 45, 50, 51) and the Court's January 17, 2018, April 9, 2018, and June 13, 2018 Orders, is further extended through October 5, 2018 to allow the parties to continue their settlement negotiations, and as such the statute of limitations for all Plaintiffs and putative FLSA Collective Action members will resume on October 5, 2018.[1]

Dated: August 15, 2018
       New York, New York

| | |
|---|---|
| Paolo C. Meireles | James Lemonedes |
| Shavitz Law Group, P.A. | Fox Rothschild LLP |
| 951 Yamato Rd, Suite 285 | 101 Park Avenue, 17th Floor |
| Boca Raton, FL 33431 | New York, NY 10017 |
| *Attorneys for Plaintiffs and the Putative Classes and Collective* | *Attorneys for Defendants* |
| By: *s/ Paolo C. Meireles* | By: *s/ James Lemonedes* |

---

[1] Unlike the FLSA Collective Action members, the claims of the state law Class Action members are tolled by virtue of the filling of the complaint asserting those claims. *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the [state law] class who would have been parties had the suit been permitted to continue as a class action") (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)).

    Paolo C. Meireles                        James Lemonedes

SO ORDERED:

_____
Hon. Steven M. Gold, U.S.M.J.