```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MARITZA GASTON and GEORGE
GALLART, on behalf of themselves and
all similarly situated,

                Plaintiffs,                           MEMORANDUM AND ORDER
                                                      Case No. 17-CV-1886 (FB) (SMG)
        -against-

VALLEY NATIONAL BANCORP and
VALLEY NATIONAL BANK,

                Defendants.
---------------------------------------------------x
```

**BLOCK, Senior District Judge:**

On April 3, 2017, Plaintiffs brought a class action and a collective action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law against Defendants Valley National Bancorp and Valley National Bank (collectively, "VNB"), alleging that they are or were employed as Bank Service Managers ("BSMs") at VNB and were underpaid due to being misclassified as exempt employees under FLSA. *See* 29 U.S.C. § 213. On December 6, 2017, Magistrate Judge Gold issued an order (the "Order")[1] conditionally certifying the action and

---

[1] Technically, the full text of the Order was a docket entry dated December 7, 2017, "granting Motion to Certify FLSA Collective Action for reasons stated on the record during the oral argument held today." Dkt. No. 40. For brevity, the Magistrate Judge's statements from the oral argument will be referred to as the Order.

1

authorizing notice to potential opt-in plaintiffs under 29 U.S.C. § 216(b).[2]  VNB objects, arguing that the discovery that has already taken place shows that the BSMs performed different exempt duties and had different reporting chains, and that therefore the named BSMs and any potential opt-in BSMs could not have been victims of a common policy or plan that violated the law—a requirement for certification.  VNB also contends that the Magistrate Judge improperly shifted the evidentiary burden onto it.  After reviewing the record and the parties' submissions, the Court overrules VNB's objections.

## I.

Under Federal Rule of Civil Procedure 72(a), "a party may serve and file objections" to non-dispositive pretrial orders issued by a magistrate judge.  When a party files a timely objection, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[3]  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[2] The Magistrate Judge had the authority to issue the Order as a non-dispositive pretrial order, pursuant to 28 U.S.C. § 636(b)(1)(A).  *See Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010) (holding the conditional certification of a collective action to be a non-dispositive pretrial order).

[3] VNB "assume[s], but [does] not concede" that the proper standard of review is clear error.  There is no question that an order conditionally certifying a collective action is "not dispositive of a party's claim or defense." *Summa*, 715 F. Supp. 2d at 384.  Under the plain text of the rule, that is indeed the appropriate standard.

2

committed." *McEarchen v. Urban Outfitters, Inc.*, 13-CV-03569, 2014 WL 4701164, at *1 (E.D.N.Y. Sept. 23, 2014) (quoting *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (alterations omitted)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Summa*, 715 F. Supp. 2d at 384).

## II.

In the Second Circuit, courts follow a two-step process for the certification of collective actions under FLSA. First, upon a "modest factual showing" that there may be opt-in plaintiffs who were victims of a common policy or plan that violated the law and also affected the named plaintiffs, the court conditionally certifies the action to allow for notice and further discovery. *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528 (2d Cir. 2015). Second, if it turns out that the opt-in plaintiffs are not similarly situated, the court can "de-certify" the action. *Myers*, 624 F.3d at 555.

Some district courts in this circuit have begun using a "modest-plus" standard in cases where some discovery has already occurred prior to the conditional certification motion. *See Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016). Under this standard, the court "look[s] beyond the pleadings and affidavits submitted by Plaintiffs and will consider the evidence submitted by both parties, albeit with an understanding 'that the body of evidence is necessarily incomplete.'" *Id.* (quoting *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819,

826 (N.D. Ohio 2011)). That is the standard Magistrate Judge professed to apply in the Order.

During the hearing, VNB pressed the argument that the two named plaintiffs (and one additional plaintiff who has already opted in) are dissimilar in that they testified in depositions to performing differing amounts (and different types) of exempt work. Therefore, VNB argued, they are not similarly situated to one another, and Plaintiffs have made no showing that there are likely other BSMs who are similarly situated to them. In the Order, however, the Magistrate Judge noted that all three BSMs testified to spending the overwhelming majority of their time performing non-exempt work, and in that respect are similarly situated. *See* Order at 30:17–19. Additionally, each has testified to having spoken with other BSMs who described similar experiences. Order at 39:5–19.

In its objection, VNB makes two principal arguments. First, it argues that the Magistrate Judge misapplied the "modest-plus" standard, contending that "substantial" discovery has already taken place. Second, it claims that the Magistrate Judge improperly shifted the burden to it to produce evidence to disprove conditional certification. Neither argument is persuasive.[4]

---

[4] VNB also objects to the Magistrate Judge's focus on how much time Plaintiffs spent on non-exempt tasks. VNB marshals considerable authority in arguing that that is an inappropriate measure of the primary duty test for exempt status. That, however, goes to the merits of the FLSA action, which is inappropriate to consider at this procedural stage of the litigation.

As noted above, the standard for conditional certification is quite low. The Magistrate Judge correctly described *Korenblum*'s "modest-plus" standard as a "sliding scale," with progressively more scrutiny applied as more evidence enters the record. And on the record before the Court, there is no indication that the order was clearly erroneous or contrary to law. In fact, very little discovery has taken place, with only the three witnesses deposed. As the Magistrate Judge found, there is nothing in the depositions "inconsistent with the assertions in the affidavits that [nonexempt work] was a tiny percentage of their time." Order at 29:20–22; *see also Korenblum*, 195 F. Supp. 3d at 480 ("Courts typically decide the question of preliminary certification—not having had the benefit of full discovery—based on the pleadings, affidavits and declarations submitted by the plaintiff." (internal citation and quotation marks omitted)).[5]

VNB's second argument is unavailing as well. First, VNB cites a comment from the oral argument in which the Magistrate Judge said he saw nothing in Plaintiffs' depositions contradicting their affidavits. VNB argues that this amounts

---

[5] VNB also seems to suggest that even the bare "modest" standard was misapplied because the Magistrate Judge at one point said "we don't know about these other service managers"—a sentence VNB quotes repeatedly to suggest that the Order was contrary to law because the Magistrate Judge did not require Plaintiffs to make any kind of showing that there was a common policy or plan that violated FLSA. A review of the Order, however, makes clear that this is not the case. The Magistrate Judge clearly based his findings in part on the allegations that the named plaintiffs also spoke with *other* BSMs who had similar experiences. *See* Order at 39:13–19. That finding is not clearly erroneous.

5

to a standard in which employers can only defeat conditional certification motions "by establishing that such testimony is perjurious." But the fact that such testimony is often sufficient is not a result of improper burden-shifting, but rather a consequence of the low evidentiary threshold (the "modest showing") called for at the first step of the conditional certification motion.

VNB likewise argues that the fact that the Magistrate Judge pointed out that information about similarities and differences between conditions in New Jersey and Florida is "uniquely within the possession of the defendants" means he shifted the burden of proof to the defendants. To the contrary, he was merely pointing out it would be impossible for the plaintiffs to make a showing about Florida until fuller discovery is conducted, the facilitation of which is the whole point of the two-step certification process.

### III.

For the foregoing reasons, VNB's objection is overruled.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 30, 2018

6