UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARITZA GASTON and GEORGE GALLART,   :
:
                     Plaintiffs,           :
:         <u>ORDER</u>
    -against-                  :         17-CV-1886 (SMG)
:
VALLEY NATIONAL BANCORP and         :
VALLEY NATIONAL BANK,              :
:
                     Defendants.      :
----------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

      Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"). Plaintiffs are bank service managers who claim that they were wrongly classified as exempt by their employer, defendant Valley National Bank, and were as a result not paid an overtime premium for hours they worked in excess of 40 hours per week.

      The parties have reached a settlement that provides for a fund in the total sum of $1.5 million. Pursuant to the settlement agreement, Settlement Notices and checks will be sent to bank managers covered by the agreement's terms. These bank managers may either cash their checks, in which event their claims against defendants will be released, or decline to do so, in which case their claims will be preserved. Any portion of the settlement fund not claimed by eligible bank managers will revert to defendants.

      Plaintiffs have filed an unopposed motion for approval of the settlement, service awards, and attorneys' fees and costs. The parties also seek approval of a proposed Settlement Notice. Dkt. 64.

      After reviewing plaintiffs' submissions, I held a telephone conference with counsel on December 21, 2018. Dkt 69. In response to issues raised by the Court during the conference,

plaintiffs' counsel submitted a supplemental letter brief, Dkt. 73, a revised Settlement Notice, Dkt. 73-1, and billing records, Dkt. 72.

Having considered plaintiffs' various submissions, as well as the representations and arguments made by counsel during the December 21, 2018 conference, the unopposed motion is granted, and the proposed order submitted as Dkt. 64-2 is adopted and entered as an Order of the Court, with the understanding that the approved Settlement Notice is the revised version submitted as Dkt. 73-1.

In addition to the reasons set forth in the proposed order now adopted by the Court, I note the following.

First, while the settlement amount represents a fairly small percentage of the amount plaintiffs claim they are entitled to recover, the case involves substantial risk, particularly given plaintiffs' status as bank branch managers. Moreover, in light of their position as bank managers, I infer that plaintiffs are fairly sophisticated, and will be well-equipped to review the Settlement Notice and make an informed decision about whether to participate in the settlement. Finally, although the procedures set forth in the settlement agreement more closely resemble those frequently employed in class actions than those typical of collective proceedings pursuant to 29 U.S.C. § 216(b), I conclude that the proposed procedures are fair and reasonable. I note in this regard that any member of the collective who declines to cash a check will retain the right to bring a wage and hour claim in the future.

Second, with respect to attorneys' fees, while I continue to harbor some of the reservations I expressed during the telephone conference, I conclude on balance that the fee sought by plaintiffs' counsel is a reasonable one. Counsel seeks $500,000, or one third of the settlement fund, as attorneys' fees. Because of how the settlement is structured, however,

plaintiffs may make claims totaling substantially less than the remaining portion of the settlement fund, in which event any unclaimed funds will revert to defendants. Should that occur, attorneys' fees would of course comprise more—perhaps far more—than one third of the amount recovered by plaintiffs.

Plaintiffs point out that the Second Circuit has held that fees are appropriately awarded based upon a percentage of the settlement fund rather than a percentage of the claims made against the fund, citing *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436–37 (2d Cir. 2007). In *Masters*, though, and unlike here, any unclaimed funds were distributed to charities intended to benefit the plaintiffs. No funds were returned to defendants. Accordingly, it could properly be said that the entire settlement fund in *Masters* was distributed in ways that benefited plaintiffs. *See McLaughlin v. IDT Energy*, 2018 WL 3642627, at *15 (E.D.N.Y. July 30, 2018).

Even if measured against counsel's lodestar, though, the attorney's fees sought here are reasonable. Counsel claims a lodestar of $451,432, an amount that approaches the fees counsel seeks. Dkt. 73-3. The hourly rates sought by counsel are significantly higher than those this Court typically approves when reviewing fee applications. Even if the lodestar amount were significantly reduced, however, the fees sought would still be reasonable once an acceptable multiplier was applied to the reduced lodestar amount. *See Sakiko Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("In this Court's opinion, a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases. The plaintiffs' bar is presumably selective enough with the cases they take on to win a recovery in at least half of them. A multiplier near 2 compensates them appropriately."); *see also Pucciarelli v. Lakeview Cars, Inc.*, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017)

(noting that "[c]ourts have routinely found that doubling the lodestar yields a reasonable fee in the context of FLSA settlements").

Finally, although the service awards sought are substantial, there is always a risk of retaliation when a plaintiff sues an employer. It therefore seems appropriate to provide employees with a meaningful incentive to overcome any concern about retaliation should they undertake a lawsuit that seeks to vindicate important rights. Moreover, each of the plaintiffs receiving a service award in this case was deposed, which presumably was a stressful and time-consuming experience. Under these circumstances, and in light of the size of the total settlement fund, I find the service awards reasonable.

For all these reasons, plaintiffs' unopposed motion is granted, and the proposed Order submitted as Dkt. 64-2 is approved and entered as an Order of the Court, with the understanding that the approved Settlement Notice is the document submitted as Dkt. 73-1.

Counsel shall submit a version of the final Settlement Notice, with the relevant dates inserted, by February 28, 2019. Counsel shall submit a letter report no later than two weeks after the close of the Acceptance Period stating the number and percentage of eligible employees participating in the settlement, the total dollar amount of claims paid, and the total dollar amount reverting to defendants.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
February 22, 2019

U:\Gaston 022019 MOS JEF Edits.docx